# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO AGUILAR-TURCIOS,<br><br>                                Petitioner,<br>vs.<br><br>ALBERTO GONZALES, et al.,<br><br>                                Respondents. | CASE NO. 07CV01021-BEN (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO STAY; AND**<br><br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, RIGOBERTO AGUILAR-TURCIOS ("Petitioner"), a citizen and native of Honduras, has filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 on June 6, 2007. On August 31, 2007, Respondents filed a response. After receiving two time extensions, Petitioner filed a Traverse on October 29, 2007. Additionally, on October 29, 2007, Petitioner filed a Motion to Stay Proceedings with this Court. In his motion, Petitioner contends that an appeal in another case recently filed with the Ninth Circuit Court of Appeals involves issues, which may shed light on the adjudication of the present case. Petitioner thus asks this Court to stay the proceedings in this case until that appeal is decided. Nevertheless, the Court cannot delay a decision in this case for an indefinite period merely because an appeal in another case may involve similar factual or legal issues. It is axiomatic that the thrust of the Court's habeas jurisdiction "is to complete all legal proceedings regarding the underlying case as

expeditiously as possible[.]" *Tillema v. Long*, 253 F.3d 494, 504 n.12 (9th Cir. 2001).

As the Ninth Circuit noted, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy. *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000). As such, petitions for habeas corpus are given "special, preferential consideration to insure expeditious" decisions. *Id.* (citing *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954)). It would not serve the interests of judicial economy or of the parties in this case to delay an adjudication of this Petition. After all, the sole issue in the present case is his prolonged detention. Accordingly, Petitioner's Motion to Stay Proceedings is **DENIED**.

In his Petition for a Writ of Habeas Corpus, Petitioner claims that the Department of Homeland Security ("DHS") has custody of his person in violation of Title 8 U.S.C. § 1231(a)(6). Petitioner does not challenge the validity of his removal order or the underlying conviction in this action.[1] Rather, he seeks release from DHS custody because DHS has not effectuated his timely removal.

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), an alien in custody for more than six months after his removal order becomes final can seek release, but only upon a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. The circumstances of the instant action, however, are not comparable to those at issue in *Zadvydas*, where the government was unable to find a country to which the petitioners therein could be deported. In contrast, the sole reason for the government's delay of Petitioner's deportation is because Petitioner has sought, and received, a stay of removal from the Ninth Circuit. Furthermore, because Petitioner has already filed an appeal of the Board of Immigration Appeals' ("BIA") decision with the Ninth Circuit, and because the briefing schedule in his appeal has already been completed, there is significant likelihood that Petitioner will be either released or deported in the foreseeable future. Therefore, for the reasons that follow, the Petition is **DENIED**.

---

[1] To the extent Aguilar-Tircios's Petition presents a challenge of the Immigration Judge and the Board of Immigration Appeals' determination that his underlying conviction constitutes a felony, the Court does not have jurisdiction to adjudicate these claims. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006) (confirming that 8 U.S.C. § 1252(b)(9) eliminated federal habeas corpus jurisdiction over final orders of removal).

## I. BACKGROUND

Petitioner is a native and national of Honduras. On April 21, 1996, he entered the United States on an immigrant visa. On March 20, 2003, Petitioner was convicted by special court martial of violating Articles 92 and 134 of the Uniform Code of Military Justice for using a government computer to obtain access to pornographic websites and for possession of child pornography. He was sentenced to 16-month imprisonment. On September 23, 2005, Immigration and Customs Enforcement initiated removal proceedings against Petitioner. Petitioner was served with a Notice to Appear and charged with deportability pursuant to Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii). That section provides for removal of an alien who after admission has been convicted of an aggravated felony. Petitioner was subsequently taken into DHS custody.

On March 10, 2006, an Immigration Judge ("IJ") found that Petitioner's conviction amounted to an aggravated felony and ordered Petitioner removed to Honduras. Petitioner appealed the IJ's decision, and the BIA upheld the IJ's removal order on June 12, 2006. On July 10, 2006, Petitioner appealed the BIA's decision to the Ninth Circuit. Petitioner also sought and obtained an order from the Ninth Circuit staying his deportation during the pendency of his appeal. On June 4, 2007, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241. Petitioner seeks to be released from custody on grounds that his detention is unlawful in light of *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Nadarajan v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006), and violates his right to due process. The government opposes the motion.

## II. DISCUSSION

In the ordinary course, an alien subject to a final order of removal must be removed from the country within 90 days after the removal order becomes final. 8 U.S.C. §§ 1231(a)(l), 1231(a)(3). However, an alien can be held beyond the normal 90 day removal period when the Attorney General determines the alien "to be a risk to the community or unlikely to comply with the order of removal, [then the alien] may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in [8 U.S.C. § 1231(a)(3)]." 8 U.S.C. § 1231(a)(6).

1  This provision is not without limitation, however, and it does not permit the Attorney General to
2  indefinitely detain aliens.

3  Under *Zadvydas*,[2] the Supreme Court explained that an alien in custody for more than six
4  months after his removal order becomes final can seek release, but only upon a showing that "there
5  is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. The
6  Supreme Court's effort to promote uniformity by providing a presumptively reasonable period of
7  detention "does not mean that every alien not removed must be released after six months. To the
8  contrary, an alien may be held in confinement until it has been determined that there is no
9  significant likelihood of removal in the reasonably foreseeable future." *Id.* The burden is placed
10 wholly upon the petitioner to make this showing. *Id.* If the petitioner meets this burden, the
11 government must then produce sufficient evidence to rebut the petitioner's showing. *Id.*

12 Petitioner's claim that he is being held in violation of *Zadvydas* lacks merit because he has
13 not demonstrated that his removal to Hundoras is not significantly likely in the reasonably
14 foreseeable future. *See id.* The record indicates that Petitioner filed an Opening Brief in his Ninth
15 Circuit appeal on January 16, 2007, and the briefing schedule in his appeal is complete. It is
16 likely, therefore, that his appeal will be decided in the near future.

17 The circumstances of the instant case are not remotely comparable to those at issue in
18 *Zadvydas*, where the government was unable to find a country to which the petitioners therein
19 could be deported. The only real impediment to Petitioner's removal is a stay of removal and the
20 pending Ninth Circuit appeal, which he himself initiated. Once the Ninth Circuit decides his
21 appeal, DHS will either remove or release the Petitioner. Final decision is undoubtedly
22 forthcoming. Thus, contrary to the petitioners in *Zadvydas*, Petitioner's detention is neither
23 "indefinite" nor "potentially permanent." *Id.* at 690-91.

---

25  [2] In *Zadvydas*, two resident aliens challenged the constitutionality of their post-removal order
26  detentions under the Immigration and Nationality Act ("INA") § 241(a)(6), 8 U.S.C. § 1231(a)(6), because, although no country was willing to accept them, the government continued to detain them years after the expiration of the 90-day removal period. *See* 533 U.S. at 684-86. The Supreme Court stated that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690. Applying
27  the constitutional avoidance doctrine, the Court held that INA § 241(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that
28  alien's removal" and "does not permit indefinite detention." *Id.* at 689.

Petitioner asserts two additional challenges to his detention under *Zadvydas,* which warrant some discussion. He first argues that prolonged detention on appeal can essentially amount to indefinite detention under *Zadvydas*. In support of that argument, Petitioner relies on two recent Ninth Circuit decisions, *Nadarajah v. Gonzales*, 443 F.3d 1066 (9th Cir. 2006) and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). In *Nadarajah*, the Ninth Circuit found the five-year detention of a refugee whose case was pending before the Attorney General to be unreasonable. 443 F.3d at 1080. Similarly, in *Tijani*, the court ordered an Immigration Judge to release the petitioner on bail unless the Government could prove he was a flight risk or a danger to the community where he had been detained pending appeal for two years and eight months under INA § 236(c). 430 F.3d at 1242.

Neither of these cases are relevant because Petitioner's situation is clearly distinguishable from that of the petitioners in *Nadarajah* and *Tijani*. First, unlike *Nadarajah*, the length of Petitioner's detention is not due to the Attorney General's significant delay but rather to his appeal and related stay of removal, which unquestionably take time to resolve. Further, unlike *Tijani*, Petitioner is not being held under INA § 236(c). More importantly, unlike *Zadvydas*, Petitioner's detention has a definite end-point. When the Ninth Circuit decides his case, Petitioner will either be released or removed to Honduras.

Petitioner cannot squeeze his case into the confines of *Zadvydas* and *Nadarajan*. He himself is responsible for his continued detention. In essence, Petitioner is voluntarily detained pending judicial review of his final removal order, which he himself requested. The length of Petitioner's detention is directly attributable to his petition for review with the court of appeals and his related stay of removal. Moreover, Petitioner could have pursued his appeal of removal order from outside the United States. *See* 8 U.S.C. § 1252(b)(3)(B); *Elian v. Ashcroft*, 370 F3d 897, 900 (9th Cir. 2004) ("We may entertain a petition after the alien has departed"). Instead, he chose to remain in custody while appealing his case.

Petitioner also argues that the length of his detention and the fact that he has not received a bond review hearing violate his due process rights. This bare contention is insufficient "to state a violation of substantive or procedural due process." *See Hoye v. Sullivan*, 985 F.2d 990, 992 (9th

Cir. 1992). This is especially true since a two-year detention period in the instant case does not reach the level of "indefinite" and "unreasonable" detention such as a five-year detention period in *Nadarajan*. *See Nadarajan*, 443 F.3d at 1079-80. Furthermore, a decision to release an alien on bond lies within the discretion of DHS or the Attorney General. *See* 8 U.S.C. § 1226(a)(2)(A) and (e). Such "discretionary . . . decisions made by the executive branch that do not involve violations of the Constitution or federal law" do not give rise to habeas jurisdiction of this Court. *See Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 827 (9th Cir. 2002). Petitioner presented no evidence of a violation of his due process rights that this Court can address. For all the above reasons, his Petition is **DENIED**.

### III.   CONCLUSION

An alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Since Petitioner failed to show that there is no significant likelihood of removal in the reasonably foreseeable future, his Petition is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 2, 2007

_____
Hon. Roger T. Benitez
United States District Judge